IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOHN WALKER and
TRINA WALKER,                                                        Plaintiffs,

v.                                        Case No.: 16-cv-08286

COMENITY BANK,                                                      Defendant.

## ANSWER

Comes now defendant Comenity Bank, by counsel, and for its Answer and response to the Complaint states as follows:

1.      Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant states that the allegations contained in Paragraph 2 of the Complaint call for a legal conclusion to which no response is required.

3.      In response to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that it issues credit card accounts to certain residents of the State of West Virginia.

4.      Defendant states that the allegations contained in Paragraph 4 of the Complaint call for a legal conclusion to which no response is required.

5.      Defendant admits that it engaged in the collection of Plaintiffs' indebtedness through the use of telephone calls placed to Plaintiffs, as generally alleged in Paragraph 5 of the Complaint.

6.      Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant lacks sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 7 of the Complaint as Defendant never received any such letter referenced therein.

8.      Defendant lacks sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 8 of the Complaint as Defendant never received any such letter referenced therein.

9.      Defendant lacks sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 9 of the Complaint as Defendant never received any such letter referenced therein.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that it maintains records of calls as generally alleged therein.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     In response to the allegations contained in Paragraph 13 of the Complaint, Defendant incorporates the previous paragraphs as if fully set forth herein.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint and the subparagraphs thereof.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     In response to the allegations contained in Paragraph 16

of the Complaint, Defendant incorporates the previous paragraphs as if fully set forth herein.

17.     Defendant states that the allegations contained in Paragraph 17 of the Complaint call for a legal conclusion to which no response is required.

18.     Defendant states that the allegations contained in Paragraph 18 of the Complaint call for a legal conclusion to which no response is required.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, Defendant denies that Plaintiffs are entitled to any relief requested therein, or any other relief.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     In response to the allegations contained in Paragraph 23 of the Complaint, Defendant incorporates the previous paragraphs as if fully set forth herein.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     In response to the allegations contained in Paragraph 25 of the Complaint, Defendant denies that Plaintiffs were injured as stated therein. Defendant further states that the remaining allegations contained in Paragraph 25 of the Complaint call for a legal conclusion to which no response is required.

26.     Defendant denies the allegations contained in Paragraph 26

of the Complaint.

27.    In response to the allegations contained in Paragraph 27 of the Complaint, Defendant incorporates the previous paragraphs as if fully set forth herein.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.    In response to the allegations contained in Paragraph 30 of the Complaint, Defendant incorporates the previous paragraphs as if fully set forth herein.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint and the subparagraphs thereof.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    In response to the allegations contained in Paragraph 34 of the Complaint, Defendant incorporates the previous paragraphs as if fully set forth herein.

35.    Defendant states that the allegations contained in Paragraph 35 of the Complaint call for a legal conclusion to which no response is required.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37

of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, Defendant incorporates the previous paragraphs as if fully set forth herein.

40.     Defendant admits the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     In response to the allegations contained in Paragraph 42 of the Complaint, Defendant states that the letter referenced therein speaks for itself.

43.     In response to the allegations contained in Paragraph 43 of the Complaint, Defendant states that the letter referenced therein speaks for itself.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint and the subparagraphs thereof.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Responding to the Demand for Relief, Defendant denies that Plaintiffs are not entitled to the relief requested therein, or any other relief.

47.     Defendant denies any and all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

48.     Defendant states that this matter is subject to an arbitration agreement between Plaintiffs and Defendant.  Defendant expressly reserves the right to seek removal to arbitration.

49.     Defendant states that the Service of Process undertaken by Plaintiffs was insufficient.

50.     Defendant asserts that Plaintiffs have failed to institute this case within the applicable period of limitations and it is therefore time barred.

51.     To the extent Defendant may have violated one or more sections of the West Virginia Consumer Credit and Protection Act, such violation(s) was unintentional and therefore no liability should be imposed upon Defendant.

52.     Defendant denies any violation of the West Virginia Consumer Credit and Protection Act but states that if any violation occurred, it was the result of a bona fide error of fact and that this Defendant maintained procedures reasonably adapted to avoid any such violation or error.

53.     Defendant states that Plaintiffs' Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed.

54.     Defendant incorporates by reference each and every defense available to it under Rule 8(c) of the West Virginia Rules of Civil Procedure as those defenses may apply to the facts of this civil action, as determined through discovery.

55.     Defendant asserts each and every other defense available to it under the West Virginia Consumer Credit and Protection Act, West Virginia

Compute Crime and Abuse Act, Telephone Harassment Statute, and Telephone Consumer Protection Act, as if such defenses were set forth herein, verbatim.

56.     Defendant says that Plaintiffs' demand for punitive damages in this action is unwarranted, unreasonable and violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States of America in that any award for punitive damages in this case would be a deprivation of Defendant's property without due process of law, would constitute the imposition of an excessive fine upon Defendant and constitute a denial of equal protection to Defendant.

57.     Defendant says that Plaintiffs' demand for punitive damages in this action is unwarranted, unreasonable and violates Article III, Section 5 and Article III, Section 10 of the Constitution of West Virginia in that any award for punitive damages would be a deprivation of Defendant's property without due process of law and would constitute the imposition of an excessive fine upon Defendant.

58.     Defendant says that Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the Constitution of the United States of America, and the Constitution of the State of West Virginia, and therefore fails to state a cause of action upon which punitive damages can be awarded.

59.     Defendant says that Plaintiffs' Complaint, to the extent it seeks punitive damages, violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the Constitution of the United States of America and the Constitution of the State of West Virginia and

therefore fails to state a cause of action supporting the punitive damages claimed.

60.     Defendant says that any award of punitive damages to Plaintiffs in this case would violate the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment of the Constitution of the United States of America and similar provisions of the Constitution of the State of West Virginia, in that punitive damages are vague and are not rationally related to legitimate government interests.

61.     Defendant says that any award of punitive damages in this case would violate the procedural safeguards provided Defendant under the Sixth Amendment of the Constitution of the United States of America and similar provisions of the Constitution of the State of West Virginia, in that punitive damages are penal in nature.

62.     Defendant states that any award of punitive damages to Plaintiffs in this case would violate the Fifth Amendment to the Constitution of the United States of America and similar provisions of the Constitution of the State of West Virginia, because punitive damages are penal in nature.

63.     Defendant says that any award of punitive damages to Plaintiffs in this case would violate the rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States of America and similar provisions of the Constitution of the State of West Virginia, because punitive damages, being penal in nature, imposing punitive damages against Defendant would require a burden of proof on the plaintiff less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

WHEREFORE, Defendant Comenity Bank respectfully requests

that Plaintiffs' Complaint be dismissed, with prejudice; that the relief requested therein be denied; and that Defendant be awarded its costs and attorney's fees.

                                        COMENITY BANK,

                                        By Counsel

/s/ W. Blake Belcher, Esquire
West Virginia State Bar ID #12212
Brewster, Morhous, Cameron, Caruth,
        Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, West Virginia 24701
(304) 324-0396
(304) 327-9178 *fax*
bbelcher@brewstermorhous.com
*Counsel for Defendant Comenity Bank*

## CERTIFICATE OF SERVICE

I, W. Blake Belcher, counsel for Defendant, hereby certify that on the 19th day of September, 2016, I electronically filed the preceding ANSWER with the Clerk of this Court using the CM/ECF system, which, in turn, will send notification of such filing to the following CM/ECF participants, Benjamin Sheridan, Daniel K. Armstrong, and Mitchell Lee Klein, Plaintiffs' counsel:

                Benjamin Sheridan, Esquire
                Daniel K. Armstrong, Esquire
                Mitchell Lee Klein, Esquire
                Klein & Sheridan, LC
                3566 Teays Valley Road
                Hurricane, West Virginia 25526

                                        /s/ W. Blake Belcher